UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PLAINTIFF, <br><br> **CHIRSTOPHER BUTLER** <br><br> v. <br><br> DEFENDANT, <br><br> **FEDEX SUPPLY CHAIN, INC.** | Case No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I.   INTRODUCTION

Plaintiff has filed this action against Defendant, his former employer, for various acts of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 US.C. § 1981 *et seq.* ("Section 1981"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA"), and the Family and Medical Leave Act, 29. U.S.C. § 2601 *et seq.* ("FMLA").

Plaintiff, an African-American male, worked for Defendant as an Operations Supervisor on a team of predominantly female employees, none of whom were African-American. After Plaintiff disclosed a medical condition which required surgery and extended medical leave, he was treated noticeably worse than his non-African-American female peers. Without limitation, and by way of example, Plaintiff was suspended twice and placed on a performance improvement plan ("PIP). Despite multiple complaints of discrimination and retaliation, Defendant failed to remedy the discriminatory conduct to which Plaintiff was being subjected and terminated him under the guise of failing his PIP.

Plaintiff seeks all damages allowable by law, including back-pay, front-pay, compensatory, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff Christopher Butler is an individual and citizen of the Commonwealth of Pennsylvania, residing therein in York, Pennsylvania.

2. Defendant FedEx Supply Chain, Inc. is a Delaware entity with a principal place of business located in Pittsburgh, Pennsylvania.

3. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

4. At all times material hereto, Defendant was an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

5. At all times material hereto, Defendant employed more than fifteen (15) people.

6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III. JURISDICTION AND VENUE

7. The causes of action set forth in this Complaint arise under Title VII, Section 1981 the ADA, the PHRA, and the FMLA.

8. The District Court has subject matter jurisdiction over Counts I, II, III, and V pursuant to 28 U.S.C. § 1331.

9. The District Court has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b).

11. On November 22, 2021, Plaintiff filed a Complaint of Discrimination with the

Pennsylvania Human Relations Commission (PHRC), complaining of the various acts of discrimination and retaliation set forth herein.

12. Plaintiff's Complaint of Discrimination was dual filed with the Equal Employment Opportunity Commission. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the November 22, 2021 Complaint of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

13. On November 23, 2022, the Pennsylvania Human Relations Commission informed Plaintiff that his Complaint had been marked as closed and advised him that he could bring suit in a Court of competent jurisdiction within two years from the date of the notice of closure.

14. On March 16, 2023, the EEOC issued Plaintiff a Notice of Dismissal and Right to Sue. Attached hereto as "Exhibit B" is a true and correct copy of that notice.

15. Plaintiff has fully complied with all administrative pre-requisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

16. Plaintiff began working for Defendant on June 15, 2015.

17. At the time of Plaintiff's termination, he held the position of Outbound Operations Supervisor and reported to Peg Hill (white, female), Outbound Operations Manager.

18. Hill reported to Shana Sites (white, female), Outbound Assistant General Manager.

19. Sites reported to Brant Curtis (white, male), General Manager.

20. At all relevant times, Plaintiff was the only black employee reporting Hill.

21. At all relevant times, Plaintiff was one of the only male employees reporting to Hill.

22. In or about February 2020, Plaintiff informed Hill that he had hemorrhoids, which might require surgery.

23. Hill responded to Plaintiff by stating that hopefully his surgery would be before

3

"peak" season, which began in mid-October of each year.

24. In or about March 2020, Plaintiff requested and was approved for intermittent FMLA leave.

25. Plaintiff's intermittent FMLA leave allowed him to leave work if he was in pain due to his hemorrhoids.

26. Hill commented to Plaintiff that she was not happy when he had to leave work due to his hemorrhoids.

27. Hill commented to Plaintiff that he needed to get his medical issues under control.

28. Hill commented to Plaintiff that his intermittent FMLA leave was becoming more and more frequent.

29. Hill commented to Plaintiff that every time he took intermittent FMLA leave, he was letting the team down.

30. On or about April 14, 2021, Defendant placed Plaintiff on a suspension for approximately five (5) days.

31. Defendant did not provide Plaintiff with an explanation as to why he was placed on suspension.

32. Following his suspension, Plaintiff complained to Curtis of race, sex, and disability discrimination and FMLA retaliation.

33. On or about May 10, 2021, Plaintiff informed Hill that he needed to undergo surgery to have his hemorrhoids removed. Plaintiff stated that the surgery and recovery could take up to three (3) months. In response, Hill responded that she was "sure" it would not take that long.

34. On or about June 1, 2021, Defendant placed Plaintiff on a suspension for approximately ten (10) days.

35. Defendant did not provide Plaintiff with an explanation as to why he was placed on

suspension.

36. Following his second suspension, Plaintiff again complained to Curtis of race, sex, and disability discrimination and FMLA retaliation.

37. Curtis stated that he would get back to Plaintiff regarding his Complaint, but never did.

38. On or about July 5, 2021, Plaintiff commenced a medical leave of absence for his surgery and recovery.

39. From July 8, 2021 to September 1, 2021, Plaintiff was out of the office on a medical leave of absence.

40. On September 1, 2021, Plaintiff returned to work from his medical leave of absence.

41. Upon his return to work, Plaintiff discovered that other Operations Supervisors had received a bonus. Plaintiff had not received a bonus.

42. After learning that other Operations Supervisors had received bonuses, Plaintiff complained that he was being treated differently and worse, because of his race, sex, disability, and FMLA leave.

43. On September 4, 2021, in a phone call to Defendant's hotline number, Plaintiff stated that he was not paid a bonus when the other Operations Supervisors were paid a bonus, and complained that he was being treated differently and worse because of his race, sex, disability, and FMLA leave.

44. On September 5, 2021, in a phone call with Gary Young (white, male), Human Resources Manager, Young informed Plaintiff that he received his hotline complaint, and that he would investigate the same.

45. On September 9, 2021, in a meeting with Hill, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP").

46. Plaintiff was the only employee reporting to Hill who was placed on a PIP on September 9, 2021.

47. On October 11, 2021, in a meeting with Hill, Plaintiff was told that he had successfully completed the PIP.

48. On October 19, 2021, Young told Plaintiff that his complaints were unsubstantiated and that there was no evidence of discrimination.

49. On October 19, 2021, following the above, in a meeting with Hill, Curtis, and Miranda Davis (white, female), Human Resources, Defendant terminated Plaintiff's employment, effective immediately.

50. The reasons provided by Defendant for Plaintiff's termination was that he had failed the PIP.

51. At the time of Plaintiff's termination the following employees were also directly reporting to Hill.

   a.   Laronda Leckie (white, female), Outbound Operations Supervisor;

   b.   Carmen Real (Hispanic, female), Outbound Operations Supervisor;

   c.   Luz Torres (female, Hispanic), Outbound Operations Lead;

   d.   Bryan Kress (white, male), Outbound Operations Lead.

52. Plaintiff's race, his sex, his disability (including his recorded history thereof and Defendant's perception of him as a disabled person), his requests for an accommodation, his request for medical leave, and his exercise of his right to medical leave were each determinative and/or motivating factors in Defendant's discriminatory and retaliatory conduct towards Plaintiff, including suspending him, denying him a bonus, placing him on a PIP, and terminating his employment.

53. As a direct and proximate result of the discriminatory and retaliatory conduct of

Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – Title VII

54. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

55. By committing the foregoing acts of discrimination and retaliation against Plaintiff, including suspending him, denying him a bonus, placing him on a PIP, and terminating his employment, Defendant has violated Title VII.

56. Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

57. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

58. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

59. No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

60. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

61. Defendant has discriminated against Plaintiff on the basis of his race in connection with the enjoyment of all benefits, privileges, terms, and conditions of a contractual relationship

and in connection with the termination of the contractual relationship, in violation of 42 U.S.C. §1981.

62. By committing the foregoing acts of discrimination and retaliation against Plaintiff, including suspending him, denying him a bonus, placing him on a PIP, and terminating his employment, Defendant has violated Section 1981.

63. Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

64. As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

65. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

66. No previous application has been made for the relief requested herein.

## COUNT III - ADA

67. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

68. At all relevant times, Plaintiff had a "disability" that substantially limited one or more major life activities and/or had a record of a "disability" and/or was regarded as "disabled" by Defendant, as defined by and within the meaning of the statutes which form the basis of this matter.

69. At all relevant times, Plaintiff was qualified to perform the essential functions of his job, with or without a reasonable accommodation.

70. By committing the foregoing acts of discrimination and retaliation against Plaintiff, including suspending him, denying him a bonus, placing him on a PIP, and terminating his employment, Defendant has the ADA.

71. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's federally protected rights, thereby warranting the imposition of punitive damages.

72. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

73. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

74. No previous application has been made for the relief requested herein.

## COUNT IV – PHRA

75. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

76. By committing the foregoing acts of discrimination and retaliation against Plaintiff, including suspending him, denying him a bonus, placing him on a PIP, and terminating his employment, Defendant has violated the PHRA.

77. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

79. No previous application has been made for the relief requested herein.

## COUNT V – FMLA

80. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

81. Plaintiff had worked for Defendant for at least 1,250 hours in the twelve months following his need for medical leave as outlined herein.

82. Plaintiff's need for medical leave described herein qualified for protection under the Family and Medical Leave Act.

83. At all relevant times, Defendant was subject to the requirements of the FMLA.

84. By its actions set forth herein, Defendant has violated the FMLA.

85. Plaintiff's exercise of his FMLA right to protected medical leave was considered as a negative factor, and was a motivating and determinative factor in Defendant's retaliatory conduct towards Plaintiff, including suspending him, denying him a bonus, placing him on a PIP, and termination his employment.

86. Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA. Defendant's violations of the FMLA accordingly warrant the imposition of liquidated damages.

87. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

88. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant the following relief to

Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of Section 1981;

(c) declaring the acts and practices complained of herein to be in violation of the ADA;

(d) declaring the acts and practices complained of herein to be in violation of the PHRA;

(e) declaring the acts and practices complained of herein to be in violation of the FMLA;

(f) enjoining and permanently restraining the violations alleged herein;

(g) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(h) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(j) awarding punitive damages to Plaintiff

(k) awarding Plaintiff such other damages and relief as is appropriate under the statutes that form the basis of this matter.

(l) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(m) granting such other and further relief as this Court may deem just, proper, or

equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

                                          **CONSOLE MATTIACCI LAW LLC**

Dated: _____                By:    */s/Daniel S. Orlow, Esq.*
                                                Daniel S. Orlow, Esquire
                                                1525 Locust St., Ninth Floor
                                                Philadelphia, PA 19102
                                                (215) 545-7676
                                                (215) 545-8211
                                                Attorneys for Plaintiff
                                                Christopher Butler